<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **WARNER CHILCOTT COMPANY, LLC,** | : : : : : | Civil Action No. 11-7228 (JAP) |
| **Plaintiff,** | : : | |
| v. | : : : | |
| **LUPIN LTD., et al.** | : : : | **MEMORANDUM & ORDER** |
| **Defendants.** | : : : | |

This matter mater comes before the Court on Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.'s (collectively, "Lupin") Application for Leave to Amend Invalidity Contentions. Plaintiff Warner Chilcott Company, LLC's ("Plaintiff" or "Warner Chilcott") opposes Lupin's Application. For the reasons that follow, Lupin's Application is **GRANTED**.

**I.**

As the facts are well-known to the Parties and the Court, they will be set forth below only as they related to the instant Application.

Pursuant to the Court's Pretrial Scheduling Order ("the Order"), invalidity contentions were to be served by May 17, 2012. <u>See</u> dkt. no. 36. The Order also set a deadline of April 1, 2013 for completion of fact discovery. <u>Id.</u> Lupin first approached Plaintiff about amending its Invalidity Contentions on May 13, 2013. On that date, Lupin provided Plaintiff with its proposed amendments. The Parties' attempts to resolve the issue informally were unsuccessful.

Lupin now seeks leave to supplement its invalidity contentions in two ways: (1) to further "elucidate Lupin's invalidity positions with regard to prior art that was (i) produced by Plaintiff

during the fact discovery phase of this case," (ii) "referenced by Mylan in its Invalidity Contenitons," or (iii) "well-known to Plaintiff"; and (2) "to update Lupin's contention regarding the priority date to which the patent-in-suit is entitled." Lupin's June 17, 2013 Letter at 1. While Lupin claims its proposed changes merely expand or reinforce previously disclosed theories of invalidity defenses, Plaintiff claims "Lupin's new theories would inject multiple new issues into the case that would inevitably require additional discovery," Plaintiff's July 1, 2013 Letter at 6.

**II.**

The District's Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." Computer Accelerations Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 822 (E.D.Tex. 2007). The Rules are designed specifically to "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." Atmel Corp. v. Info. Storage Devices, Inc., 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). This is "to 'prevent the 'shifting sands' approach to claim construction.'" O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citing Atmel, 1998 WL 775115, at *2). As distinguished from the liberal standard for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative." Atmel, 1998 WL 775115, at *2. However, Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served"; instead, "a modest degree of flexibility [exists], at least near the outset." Comcast Cable Communs. Corp. v. Finisar Corp., 2007 WL716131, at *2 (N.D. Cal. March 2, 2007).

Pursuant to L. Pat. R. 3.7, leave to amend invalidity contentions may be granted "only by order of the Court upon a timely application and showing of good cause." Rule 3.7 provides a

2

nonexhaustive list of circumstances that may, absent undue prejudice to the adverse party, support a finding of good cause:

> (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contention; (d) disclosure of an infringement contention by a Hatch- Waxman Act party asserting infringement under L. Pat. R. 3.6(g) that requires response by the adverse party because it was not previously presented or reasonably anticipated; and (e) consent by the parties in interest to the amendment and a showing that it will not lead to an enlargement of time or impact other scheduled deadlines . . . .

L. Pat. R. 3.7. Good cause "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." Acer, Inc. v. Tech. Prob. Ltd., 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing O2 Micro, 467 F.3d 1355, 1355). Importantly, however, the Court may only consider prejudice to the non-moving party if the moving party is able to demonstrate diligence. Apple v. Samsung, 2012 U.S. Dist. LEXIS 83115, at *13 (N.D. Cal. Mar. 27, 2012) (collecting cases).

Courts have understood diligence to require a "showing that the party seeking leave to amend acted . . . promptly [in] moving to amend when new evidence is revealed in discovery." O2 Micro, 467 F. 3d 1355, 1363, 1366 (collecting cases). This requirement is consistent with L. Pat. Rule 3.7's requirement that the Motion be "timely." As with good cause in general, the burden "is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." O2 Micro, 467 F. 3d 1355, 1366.

In determining whether good cause exists, courts have also considered such other factors as (1) the reason for the delay, including whether it was within the reasonable control of the party

responsible for it; (2) the importance of what is to be excluded; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. See Oy Ajat, Ltd. v. Vatech Am., Inc., 2012 WL 1067900, at *20-21 (D.N.J. Mar. 29, 2012) (collecting cases).

### III.

Lupin's proposed supplemental contentions assert that the '050 patent is: "(1) anticipated by [Warner Chilcott's] Ovcon [product] and/or (2) rendered obvious by Ovcon in combination with various prior art references." Lupin's July 11, 2013 Letter at 2.

#### A.     Diligence

Lupin claims its proposed amendments are supported by documents produced by Plaintiff during the course of fact discovery. See Lupin's June 17, 2013 Letter at 4; Lupin's July 22, 2013 Letter at 2. Thus, Lupin claims, "[n]ot having access to any of these internal, confidential documents before production by Warner Chilcott, Lupin could not have fully developed its anticipation/obviousness contentions with regard to the Ovcon product [earlier]." Lupin's June 17, 2013 Letter at 4. Lupin also points to recent deposition testimony, obtained on August 1, 2013 from one of the named inventors of the product-at-issue, which further supports and/or confirms Lupin's proposed contentions. Lupin's August 2, 2013 Letter at 1-2.

Plaintiff, on the other hand, maintains that "Lupin already knew all it needed to know to evaluate and advance its 'Ovcon' defense." Plaintiff's July 1, 2013 Letter at 4. Specifically, Plaintiff points to a notice letter ("the Notice Letter") which Lupin sent to Plaintiff in July 2009 prior to commencement of the Femcon® litigation. Id. at 5. Plaintiff also points out that one document cited by Lupin, Exhibit D, was produced in December 2012 (i.e., five months prior to Lupin's first request to amend its Invalidity Contention). Id.

4

In this case, the Court is satisfied Lupin has made a threshold showing that it was diligent in moving to amend following its discovery of new information. The Court acknowledges Plaintiff's argument that Lupin was in possession of everything it needed to formulate its invalidity defenses based on the Notice Letter. Lupin, however, disputes this point. See Lupin's July 22, 2013 Letter at 2 ("It was only through Plaintiff's document production in this litigation—and admissions contained therein—which confirmed that the prior art Ovcon product is, as one of the '050 inventors admitted, 'nearly identical' to the purportedly 'new' patented product. . . ."). The fact that the Parties dispute this point suggests that further discovery was needed in order for Lupin to more fully develop its invalidity theories. That recent deposition testimony has further revealed and/or confirmed Lupin's Ovcon defenses also strongly supports this notion.

### B.    Prejudice

Plaintiff claims Lupin's proposed amendments "would entail significant new discovery and inevitably lead to additional motion practice as well as to a further extension of the [discovery] schedule and unfairly prejudice Warner Chilcott." Plaintiff's July 1, 2013 Letter at 1. As an initial matter, the Court is not persuaded that Lupin's proposed amendments will necessitate such wholesale changes. Fact discovery is ongoing, expert discovery has not begun, and a trial date has not yet been set. The Court is inclined, therefore, to permit reasonable modification to the existing schedule in order to ensure that this case is decided on its merits.

Nor is the Court persuaded that Plaintiff will be significantly prejudiced by permitting Lupin's amendments. Indeed, the amendments are supported by Plaintiff's own document production as well as statements made by named inventors during recent depositions. Moreover, as Lupin points out, the prior art Ovcon product "was cited in Mylan's Invalidity Contentions,

dated May 17, 2012, which were incorporated by reference in Lupin's preliminary Invalidity Contentions." Lupin's July 11, 2013 Letter at 1. Plaintiff, therefore, has had more than adequate notice of the invalidity defenses Lupin proposes to add and/or expand upon and will not be prejudiced if Lupin is permitted to do so.

## IV.

Accordingly, for all of the reasons stated above,

**IT IS** on this 19th day of August, 2013,

**ORDERED** that Lupin's Application for Leave to Amend its Invalidity Contentions is **GRANTED**; and it is further

**ORDERED** that Lupin shall submit its Amended Invalidity Contentions by August 23, 2013; and is further

**ORDERED** that Plaintiff shall serve its Responses to Lupin's Amended Invalidity Contentions by September 6, 2013.

s/ Douglas E. Arpert_____
**DOUGLAS E. ARPERT, U.S.M.J.**